IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANK PRADO HERNÁNDEZ

    Plaintiff,

        v.                          CIVIL NO.: 15-1788 (MEL)

R & B POWER, INC., et al.,

    Defendant.

## OPINION AND ORDER

Currently pending before the court are defendants' motion to dismiss the complaint (ECF No. 13) and the joint motion regarding the pendency of the same (ECF No. 59). Defendants' motion to dismiss employs two separate procedural vehicles: lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 13. Defendants have included in this motion exhibits that go beyond the pleadings. ECF Nos. 13-1–13-9. As defendants correctly state, the court may consider such materials for disposition of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. González v. United States, 284 F.3d 281, 288 (1st Cir. 2002). According to defendants, plaintiff's alleged failure to comply with the Age Discrimination Employment Act's ("ADEA") time limits removes the court's subject matter jurisdiction.

It is a "high bar to establish that a statute of limitations is jurisdictional." United States v. Kwai Fun Wong, 135 S.Ct. 1625, 1632 (2015). "[P]rocedural rules, including time bars, cabin a court's power only if Congress has clearly stated as much." Id. (internal quotations omitted). "Congress must do something special, beyond setting an exception-free deadline, to tag a statute

of limitations as jurisdictional . . . ." Id. What matters is whether the statutory provision speaks in jurisdictional terms or refers in any way to the jurisdiction of the district courts. Id.

The ADEA states, in relevant part, "A civil action may be brought under this section by a person defined in section 630(a) of this title against the responded named in the charge within 90 days after the date of receipt of such notice." 29 U.S.C. § 626(e). Although the First Circuit Court of Appeals has not addressed this issue, other Circuit Courts of Appeals have determined that this provision is not jurisdictional. See, e.g., Schomburg v. Dow Jones & Co., Inc., 588 F. App'x 132, 134 n.1 (3d Cir. 2014); McKibben v. Hamilton Cty, 215 F.3d 1327 (6th Cir. 2000) (unpublished). The ADEA's timing provision contains no expression regarding jurisdiction. In absence of this clear statement, it cannot be said that this requirement is jurisdictional. Therefore, even assuming plaintiff failed to comply within the procedural filing requirements of the ADEA, this would not remove the subject matter jurisdiction of this court to hear the suit. Thus, as defendants' argument that the ADEA claims are time barred is not a question of subject matter jurisdiction, the time-bar argument is more appropriately considered pursuant to Federal Rule of Civil Procedure 12(b)(6).

Both in this time bar argument and in an argument regarding failure to exhaust administrative remedies regarding plaintiff's retaliation claim, defendants make reference to matters outside the pleadings. ECF No. 13, at 10, 13. "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). "[T]he conversion of a Rule 12(b)(6) motion into a Rule 56 motion is a matter quintessentially within the purview of the district court's sound discretion." Beddall v. State St. Bank and Trust Co., 137 F.3d 12, 17 (1st Cir.1998). At this stage

in the litigation, prior to the initial scheduling conference, and given that neither side has advanced a compelling reason for us to consider any evidence beyond the complaint, it is not necessary to exercise this discretion.

Therefore the motion to dismiss (ECF No. 13) is DENIED WITHOUT PREJUDICE. Defendants may present these arguments again, properly formatted as a separate motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and, to the extent that it is necessary to consider documents outside the complaint, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The parties are reminded that the court does not accept hybrid motions. ECF Nos 51, at 10–11; 56. The joint motion regarding the pendency of the dispositive motion (ECF No. 59) is accordingly NOTED AND MOOT.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 8th day of August, 2016.

s/Marcos E. López  
U.S. Magistrate Judge
