IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANK PRADO-HERNÁNDEZ, | |
| Plaintiff, | |
| v. | CIVIL NO.: 15-1788 (MEL) |
| R & B POWER, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

On June 11, 2015, Frank Prado-Hernández ("Plaintiff") filed the complaint in this case, alleging age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., (hereafter the "ADEA"), Puerto Rico Law 100 of 1959 codified in 29 L.P.R.A. § 146 (hereafter "Law 100"), and the Puerto Rico Whistleblower Act known as Law 115 codified at 29 L.P.R.A. §194a (hereafter "Law 115"). Plaintiff alleges that he was hired by R&B Power, Inc. as credit manager in 2012, was subject to various incidents of harassment related to his age and refusal to participate in fraudulent accounting, and terminated in 2014. Pending before the court is a motion for judgment on the pleadings by co-defendants R&B Power, Inc. ("R&B Power") and Eduardo J. Rodríguez-Calvo ("Rodríguez-Calvo" or collectively, the "Defendants"). ECF No. 65. Defendants request the court enter judgment in their favor dismissing the above captioned case with prejudice. Plaintiff filed a response in opposition. ECF No. 71.

**I.   JUDGMENT ON THE PLEADINGS STANDARD**

A motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007)). The only difference is that a Rule 12(c) motion

"implicates the pleadings as a whole." Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54–55 (1st Cir. 2006).

The inquiry is whether the allegations, accepted as true, show "a plausible entitlement" to the relief requested. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). Determining whether a complaint makes out a plausible entitlement to relief involves two steps. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 11-12 (1st Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009)). First, the court should separate a complaint's factual allegations from any "legal conclusions couched as fact or threadbare recitals of the elements of a cause of action," and disregard the latter. Id. at 12 (quoting Iqbal, 129 S. Ct. at 1949-50) (internal quotations omitted). The court then treats non-conclusory factual allegations as true, "even if seemingly incredible." Id. Second, the court must determine if the factual content, taken as a whole, allows "the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 129 S. Ct. at 1949). Only if it does will the complaint survive a motion to dismiss under Rule 12(b)(6). See id.

## II.   ANALYSIS

### A. ADEA Claim against Co-Defendant Rodríguez-Calvo

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Defendants contend Plaintiff's ADEA claim against Rodríguez-Calvo should be dismissed because the ADEA does not provide for liability against individual employees, and Rodríguez-Calvo, as president of R&B Power and Plaintiff's supervisor, is not Plaintiff's "employer." ECF No. 65 at pg. 8 and 9. Plaintiff "does not dispute that the ADEA does not apply personally to co-Defendant

Rodriguez-[Calvo]." ECF No. 71 at pg. 16 (Plaintiff's response in opposition).[1] Furthermore, courts in this district have repeatedly held that the ADEA does not provide for individual liability of supervisors. See e.g., Mercado v. Cooperativa de Seguros de Vida de Puerto Rico, 726 F. Supp. 2d 96, 101 (D.P.R. 2010)). Therefore, the ADEA claim against Rodríguez-Calvo is dismissed with prejudice.

### B. The ADEA Claim against R&B Power

Defendants contend that Plaintiff's remaining ADEA claim should be dismissed. Following the familiar McDonnel Douglas burden shifting framework, Defendants argue that plaintiff cannot establish a prima facie case of age discrimination, and even if he can, there are legitimate non-discriminatory reasons for the challenged actions.

The McDonnel Douglas framework has been used primarily at the summary judgment stage of proceedings when a plaintiff produces no direct evidence of discrimination. See e.g., Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991). Under this framework, the Plaintiff must initially make a prima facie showing of age discrimination. Upon making a prima facie showing of age discrimination, the burden shifts back to the employer to offer a legitimate, non-discriminatory reason for the alleged actions, and then back to the plaintiff to show that reason is actually a pretext for discrimination. Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991).

At the motion to dismiss stage, however, a plaintiff alleging discrimination "need not plead sufficient facts to establish a prima facie case." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013) (political discrimination case employing the McDonnell Douglas

---

[1] Plaintiff's response in opposition occasionally refers to "Co-defendant Rodriguez-Blanco." As the only two defendants named in the complaint are R&B Power and Rodríguez-Calvo, there is a reasonable inference that references to "Rodriguez-Blanco" are intended to denote Rodríguez-Calvo.

burden shifting framework). Rather, the "plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial." Id. Thus, although a plaintiff need not establish every element of the prima facie standard to survive a motion to dismiss, these elements "may be used as a prism to shed light upon the plausibility of the claim." Id.

### 1. Prima Facie Showing

To establish a prima facie case of age discrimination, a plaintiff must show (1) he was at least forty years of age; (2) his job performance met the employer's legitimate expectations (3) the employer subjected him to an adverse employment action; and (4) the employer had a continuing need for the services the plaintiff rendered. See De La Vega v. San Juan Star, Inc., 377 F.3d 111, 117 (1st Cir. 2004).

Plaintiff's complaint contains sufficient factual allegations to meet all of the elements of a prima facie case at this preliminary stage. The complaint alleges that (1) Plaintiff was over sixty years old during all of the events in question; (2) at all times his job performance was above average, and he was never subject to a negative or adverse evaluation in writing; (3) he was ultimately terminated; and (4) and after his termination, R&B Power reassigned his job functions, responsibilities and accounts to other younger employees. Plaintiff also alleges that after his termination, Defendants requested him to return to work, further showing their continuing need for his services. ECF No. 71 at pg. 11. See ECF No. 1 at ¶30.

### 2. The Final Two Stages of the ADEA Burden Shifting Framework

At the second stage of the burden shifting framework, Defendants argue that Plaintiff's poor performance was the reason for the alleged adverse actions, citing Plaintiff's complaint. The complaint makes reference to several incidents in which Plaintiff was verbally reprimanded

4

for "poor work performance." See ECF No. 1 at ¶¶ 12, 13, 14, 18, 19, 20, 22, and 25.[2] Assuming, *arguendo*, this showing of a legitimate non-discriminatory reason is sufficient, we examine the pleadings to determine whether Plaintiff has made a plausible claim that Defendants' proffered reason is a pretext for discrimination.

The pretext inquiry focuses on "the perception of the decisionmaker, that is, whether the employer believed its stated reason to be credible." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 824 (1st Cir. 1991) (internal quotations and citations omitted). The complaint contains several allegations that suffice to show pretext at this preliminary stage. According to the complaint, on June 19, 2014, "co-defendant Rodríguez-Calvo yelling, called plaintiff 'jaquetón,' and then fired him while stating that he was not going to get a job because of his age." On June 20, 2014, Plaintiff allegedly demanded a letter of termination of employment, and three days later, received a letter dated June 19, 2014—the day of his termination—advising him of his COBRA medical insurance rights. The following day, June 24, 2014, Plaintiff allegedly received a letter from R&B Power denying he was fired. Defendants' alleged reversal—firing Plaintiff while commenting on his age, and then denying he was fired—suggests they did not believe that his poor performance was the reason for his dismissal. If the true reason for dismissing Plaintiff was his poor performance, denying he was terminated makes little sense. The pretext inference is bolstered by the allegation that Plaintiff "never was the subject of a negative or adverse evaluation in writing."

### i. The Common Actor Presumption

Defendants contend Plaintiff cannot show discriminatory animus in light of the common actor presumption. Several circuits have noted a presumption of non-discrimination where "an employee in a protected class is hired and fired by the same decision-maker in a relatively short

---

[2] The parties disagree as to whether these verbal reprimands were warranted or not.

time span." See Roberts v. Separators, Inc., 172 F.3d 448, 452 (7th Cir. 1999) (internal citations and quotations omitted) see also Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173, 174–75 (8th Cir. 1992); Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991). In this case, the complaint alleges that Plaintiff was hired at R&B Power on February 14, 2012, seven months later he began to experience a hostile work environment, and this hostile work environment lasted until he was dismissed on June 19, 2014, when he was 63 years old. ECF No. 1 at ¶¶ 1, 9, 25, and 26.[3]

Defendants contend it is farfetched that an employer who hired an employee already over the age of sixty at the date of recruitment would shortly thereafter begin a pattern of discrimination against the employee due to his age. The common actor presumption, however, is rebuttable. Roberts v. Separators, Inc., 172 F.3d 448, 452 (7th Cir. 1999). The court must still examine the merits of the plaintiff's claim, including evidence—or in the present case, allegations—that undermine the credibility of the proffered grounds for the challenged actions. See Id. In Roberts v. Separators, Inc., the Seventh Circuit found a plaintiff who was hired at the age of 61 and fired one year later was able to show pretext in spite of the common actor presumption because he proffered evidence on summary judgment that showed the employer did not actually believe its stated reason (poor performance) for terminating the employee. Id.

The allegations in the instant case support the same conclusion. Even assuming a presumption of non-discrimination, Plaintiff's allegations—including the lack of documentary evidence as to his poor performance, the age related comments made during his termination, and

---

[3] The pleadings do not expressly specify whether Rodríguez-Calvo—the person who allegedly terminated plaintiff—is the same person who hired him. Because Defendants' argument ultimately does not prevail for purposes of the pending motion at bar, the court assumes, *arguendo*, the common actor presumption applies.

the Defendants' reversal as to his termination—permit the reasonable inference that poor performance was a pretext for discrimination.[4]

### ii. Stray Remarks

Lastly, Defendants contend that the discriminatory allegations averred in the complaint amount to non-actionable stray remarks. Defendants cite several cases where courts have declined to find that isolated, age-based comments necessarily reflect discriminatory animus against older employees. See e.g., Elkins v. Bayer Const. Co., 68 F. Supp. 2d 1249, 1259–60 (D. Kan. 1999) (finding that supervisor's frequent reference to a plaintiff as "['old fart,'] standing alone, does not imply that an adverse action taken by the supervisor was due to age discrimination.")

Ultimately, this argument is untenable because Plaintiff's claim does not rely on isolated, age-related comments. Although he does allege various instances where he was subject to foul language and age-related comments (ECF No. 1 at ¶¶ 10, 15, 16, 17, 19, 20, 23), Plaintiff also alleges that some of these comments were made contemporaneous to his termination. As noted above, his allegations regarding Defendants' letter denying his termination and the lack of documentation showing poor performance allow a reasonable inference that Defendants did not believe poor performance was the actual reason for Plaintiff's termination. The mere fact that some allegations, in isolation, would not be sufficient to establish a claim does not invalidate the rest of the allegations in the complaint. Plaintiff alleged facts, which, *in toto*, permit a reasonable inference that he was discriminated in his employment because of his age. Therefore, Defendants' request to dismiss the ADEA claim as to R&B Power is denied.

---

[4] No expression is made as to whether the evidence adduced at later stages of the proceedings will overcome this presumption.

### C. Law 100 Claim and Supplemental Jurisdiction

Defendants next request Plaintiff's Law 100 claims be dismissed on the grounds that Plaintiff failed to plead a plausible ADEA claim. Defendants contend that "claims under the ADEA and [Law] 100 are coterminous," thus dismissal of the ADEA claim warrants dismissal of the Law 100 claim. ECF No. 65 at pg. 17. This argument depends entirely on the merits of Defendants' earlier argument that the complaint does not contain sufficient allegations to sustain an ADEA claim. For the reasons already stated, however, the ADEA claim as to R&B Power survives. Furthermore, Law 100, unlike the ADEA, does not exclude supervisors from personal liability for their discriminatory acts. Torres-Santiago v. Alcaraz-Emmanuelli, 553 F. Supp. 2d 75, 86 (D.P.R. 2008); Rosario Toledo v. Distribuidora Kikuet, Inc., 2000 TSPR 107 (P.R. June 29, 2000). Therefore, the request to dismiss Plaintiff's Law 100 claims as to both Defendants is denied.

Defendants also request that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in the absence of any remaining federal claims. As the ADEA claim as to R&B Power remains, this argument is moot.

### D. The "Pre-Charge Retaliation Claim"

Next, Defendants request that Plaintiff's "pre-charge retaliation claim" be dismissed on the grounds that Plaintiff failed to exhaust the corresponding administrative remedies. Defendants do not specify to which of the potential retaliation claims their request pertains. Two statutory provisions are potentially at issue.

The ADEA, in addition to prohibiting age discrimination, also protects individuals who invoke the statute's protections. Ramírez Rodríguez v. Boehringer Ingelheim Pharm., Inc., 425 F.3d 67, 84 (1st Cir. 2005); See 29 U.S.C § 623(d). This provision is sometimes referred to as the

ADEA's anti-retaliation provision. On the other hand, Law 115 protects employees from discharge, threats, or discrimination for offering or attempting to offer information before a legislative, administrative or judicial forum in Puerto Rico. See 29 L.P.R.A. § 194a.

Defendants cite several cases which collectively stand for the proposition that a plaintiff alleging "pre-charge"[5] retaliation under the ADEA must exhaust the prerequisite administrative remedies before filing the claim in federal court. As none of the authority cited in support of Defendants' argument concerns a requirement to exhaust administrative remedies under Law 115, Defendants' request is reasonably understood as a request to dismiss a "pre-charge retaliation claim" under the ADEA.

Plaintiff clarifies in his response in opposition, however, that "[t]he retaliation that is alleged in his complaint is related to violation of Law 115." As Plaintiff does not assert a retaliation claim under the ADEA, Defendants' request is moot. To the extent that Defendants request dismissal of the Law 115 claim for failure to exhaust administrative remedies, the same is denied without prejudice, as they identified no prerequisite administrative remedy for a claim under Law 115.

### E. Personal Liability under Law 115

Defendants next contend that Law 115 provides no personal liability for executives and directors; therefore, Plaintiff's Law 115 claim against Rodríguez-Calvo must be dismissed. The

---

[5] "Pre-charge" retaliation refers to a retaliatory act that occurs prior to the filing of a discrimination charge. See Acevedo-Torres v. Municipality of Arecibo, 857 F. Supp. 2d 231, 236 (D.P.R. 2012).

Generally, plaintiffs bringing claims under the ADEA and Title VII must exhaust the prerequisite administrative remedies prior to filing those claims in federal court. However, claims for retaliation for filing administrative charges have been treated as an exception to this rule. Acevedo-Torres v. Municipality of Arecibo, 857 F. Supp. 2d 231, 236 (D.P.R. 2012). This exception is based on concern over retaliatory conduct "which arises after, if not as a result of, an employee's invocation of the [administrative] process." Id. (internal citations and quotations omitted).

This concern, however, does not implicate retaliation that occurs prior to the filing of a charge. Therefore, several district courts have held that a plaintiff alleging "pre-charge" retaliation under the ADEA or Title VII must exhaust her administrative remedies prior to filing those claims in federal court. See Id. (citing cases).

courts in this district have reached differing conclusions as to whether Law 115 imposes personal liability on supervisors for their retaliatory acts.[6]

The view that Law 115 imposes personal liability is based on the liberal construction the Puerto Rico Supreme Court has used in favor of employees in discrimination cases. See Hernández v. Raytheon Serv. Co. Puerto Rico, No. CIV. 05-1937CCC, 2006 WL 1737167, at *2 (D.P.R. Apr. 27, 2006) (citing Rosario Toledo v. Distribuidora Kikuet, Inc., 2000 TSPR 107 (P.R. June 29, 2000). In Kikuet, the Puerto Rico Supreme Court held that a supervisor incurs personal civil liability under Laws 17, 69, and 100 for sexual harassment acts committed by them against another employee. Kikuet, 2000 TSPR 107. In reaching this conclusion, the Puerto Rico Supreme Court noted that "it is imperative to cons[t]rue [labor laws] liberally in favor of those who they seek to protect." Id. Although Kikuet was about sexual harassment, some of the courts in this district have applied the same interpretive principles to conclude that Law 115 also provides personal liability for a supervisor who retaliates against an employee of the company. See, e.g. Hernández v. Raytheon Serv. Co. Puerto Rico, No. CIV. 05-1937CCC, 2006 WL 1737167, at *2 (D.P.R. Apr. 27, 2006) (Cerezo, J); Reyes Guadalupe v. Casas Criollas, 597 F. Supp. 2d 255, 260 (D.P.R. 2008) (McGiverin, MJ); Arroyo-Perez v. Demir Grp. Int'l, 733 F. Supp. 2d 322, 324 (D.P.R. 2010) (Arenas, MJ); Ramos-Santos v. Hernandez-Nogueras, 867 F. Supp. 2d 235, 243, 261 (D.P.R. 2012) (Besosa, J.).

The opposing view is based on instructive decisions issued by the Puerto Rico Court of Appeals wherein it discussed the implications of Kikuet, "comparing the language and purpose of Law 100 with that of Law 115" Cintron-Arbolay v. Cordero-López, 716 F. Supp. 2d 163, 172 (D.P.R. 2010) (Gelpí, J). On two occasions, the Puerto Rico Court of Appeals determined that no

---

[6] The parties have identified no expression by the Puerto Rico Supreme Court as to whether Law 115 imposes personal liability.

individual liability exists under Law 115. Id. (citing Vargas Santiago, 2006 WL 3694659 at *5; Sánchez Barreto, 2003 WL 23336311, at *4). This view has been followed by some of the judicial officers in this district, including the undersigned. See e.g., Rivera Maldonado v. Hosp. Alejandro Otero Lopez, 614 F. Supp. 2d 181, 197 (D.P.R. 2009) (Pérez-Giménez, J); Cintron-Arbolay v. Cordero-Lopez, 716 F. Supp. 2d 163, 172 (D.P.R. 2010) (Gelpí, J); Mejía Godoy v. Maplehurst Bakeries, Inc., No. CIV. 09-1696 MEL, 2010 WL 4140863, at *2 (D.P.R. Feb. 4, 2010) (López, MJ). In the absence of a clear expression by the Puerto Rico Supreme Court, the more persuasive view is that Law 115, as interpreted by the Puerto Rico Court of Appeals, does not impose on supervisors individual liability for their acts of retaliation. Therefore, Plaintiff's Law 115 claim against Rodríguez-Calvo is dismissed with prejudice.

### F. Protected Activity under Law 115

Defendants next challenge Plaintiff's Law 115 claim on the grounds that he did not allege any protected activity under Law 115. Law 115, in pertinent part, makes it unlawful for an employer to discharge, threaten, or discriminate against an employee should the employee offer or attempt to offer "any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico . . . ." 29 L.P.R.A. § 194a. The statute requires the employee to "show proof of the violation through direct or circumstantial evidence," and requires a showing of "a prima facie case of violation of the act by proving that he/she participated in an activity protected by [Law 115] and that he/she was subsequently discharged, threatened or discriminated against regarding his/her employment." 29 L.P.R.A. § 194a.

Here, the complaint contains no allegations that Plaintiff "offered" any testimony "before a legislative, administrative or judicial forum in Puerto Rico." Plaintiff's complaint does, however, include allegations that can reasonably be understood as a threat to offer testimony.

11

According to the complaint, Defendants asked Plaintiff on several occasions to participate in fraudulent accounting practices. ECF No. 1 at ¶¶ 7, 8, 21, 26. On June 19, 2014, Plaintiff allegedly told Rodríguez-Calvo that if he persisted in asking him to participate in unlawful conduct, "he (plaintiff) would have to report defendants' conduct to law enforcement." Id. at ¶26. According to the complaint, Rodríguez-Calvo responded by calling Plaintiff "'jaquetón,' and then fired him while stating that he was not going to get a job because of his age." Id.

The parties have identified no binding authority as to whether a threat to report unlawful conduct constitutes "an attempt to offer" testimony under Law 115. Defendants, without discussing any caselaw, rely on the plain language of the statute in support of their argument that it does not. This argument is sound as Law 115 does not expressly prohibit employers from discharging an employee for "threatening" to offer testimony.

Plaintiff, on the other hand, argues that a restrictive interpretation of Law 115 in the instant case would create an incentive for an employer threatened with whistleblowing to terminate the employee before the whistleblowing occurs, thereby insulating itself from the effects of Law 115. Plaintiff relies on dicta from a First Circuit decision and a subsequent decision from this district for the proposition that a threat to offer testimony can be protected conduct under Law 115. See Lupu v. Wyndham El Conquistador Resort & Golden Door Spa, 524 F.3d 312, 314 (1st Cir. 2008); Román-Samot v. Pontifical Catholic Univ. of Puerto Rico, No. CIV. 10-1879 SEC, 2011 WL 5025978, at *7 (D.P.R. Oct. 21, 2011).

In, Lupu, the First Circuit held that an employee did not offer or attempt to offer testimony under Law 115 where he discussed concerns with his supervisor about the employer's potential non-compliance with government regulations, but did not threaten to go to the authorities with these concerns. Lupu, 524 F.3d 312, 314 (1st Cir. 2008). Three years later, the

12

court in Román-Samot, confronted the question of whether an employee's threat to take legal action against his employer can be considered an "attempt" protected under Law 115. Román-Samot 2011 WL 5025978, at 7. Noting "the Lupu Court—perhaps inadvertently—opened the door to the possibility that threatening to file a complaint suffices to activate the Law 115's safeguards," the Román-Samot court found "the liberality with which courts should interpret Puerto Rico's labor laws, such as Law 115, favors [the plaintiff]. Id. at 7 and 8. The Román-Samot court ultimately denied the employer's motion to dismiss the Law 115 claims; however, it deferred an ultimate determination on the legal question regarding Law 115's protection of a threat to sue because the Puerto Rico Supreme Court had yet to address the issue, and the parties had failed to fully brief the topic. Román-Samot 2011 WL 5025978, at 7.

Although no expression is made as to the merits of the reasoning articulated in Román-Samot, the instant case warrants the same conclusion. Resolving this issue would not dispose of all claims against Defendants. Therefore, in the absence of extensive briefing on the matter, determination of whether a threat to report unlawful conduct to authorities is protected conduct under Law 115 is deferred for a later stage of the proceedings.

**G. Final Two Stages of the Burden Shifting Framework under Law 115**

Lastly, Defendants contend that even if Plaintiff engaged in protected activity under Law 115, his claims under the same should be dismissed because Plaintiff's complaint contains multiple references to his alleged poor performance, which Defendants contend was the "determining factor motivating his alleged termination." ECF No. 65 at pg. 7. As the evidentiary mechanism provided by Law 115 mirrors the McDonnell Douglas framework used to evaluate ADEA claims, Defendants' final argument rests on the same basis as their earlier argument regarding the ADEA claim. See Colon v. Medtronic, Inc., 2015 WL 5089494, at *22 (D.P.R.

Aug. 27, 2015). Once the employee establishes a *prima facie* case under Law 115, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the discharge, and then back to the employee to show this reason was a mere pretext. 29 L.P.R.A. § 194a. For the reasons already stated, Plaintiff's complaint contains sufficient allegations to support an inference that poor performance was a pretext for unlawful discrimination. Therefore, Plaintiff's Law 115 claim as to R&B Power remains active.

### III. CONCLUSION

For the foregoing reasons, the Defendants' motion for judgment on the pleadings (ECF No. 65) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against Rodríguez-Calvo under the ADEA and Law 115 are hereby DISMISSED WITH PREJUDICE. Plaintiff's claims against Defendants under Law 100 as well as his claims against R&B Power under Law 115 and the ADEA remain active.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 31st day of March, 2017.

s/Marcos E. López
U.S. Magistrate Judge