**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FRANK PRADO HERNÁNDEZ | |
| Plaintiff, | |
| v. | CIVIL NO.: 15-1788 (MEL) |
| R & B POWER, INC., et al., | |
| Defendant. | |

**OPINION AND ORDER**

## I.      Procedural Background

Pending before the court are motions requesting the imposition of sanctions and dismissal of the case for lack of prosecution, as well as as a motion in limine pursuing similar relief filed by defendants R&B Power, Inc. ("R&B") and Eduardo Rodríguez Calvo. ECF Nos. 80, 94, 95, 96. On October 26, 2017, the court entered an order requiring plaintiff Frank Prado Hernández to be ready "to show cause as to why sanctions, including but not limited to dismissal of the case for lack of diligent prosecution, should not be imposed for failure to comply with the court's deadlines and directives." ECF No. 106. An in-chambers conference was held the following day with all counsel of record. ECF No. 107. Plaintiff's counsel, however, explained that due to the passing of hurricanes Irma and María, he had limited access to his office. Id. Therefore, in order to give plaintiff's counsel an opportunity to have all the necessary evidence and information to respond to defendants' requests for sanctions and dismissal of the case, the court set a hearing for November 6, 2017 to address the pending disputes between the parties. At the in-chambers conference held on October 27, 2017, the court put the parties on notice that the court was pondering the imposition of sanctions, monetary or otherwise, including but not limited to the exclusion of evidence at trial

and the dismissal of the case with prejudice. <u>Id</u>. Thus, the attorneys of record were urged to thoroughly prepare for the hearing on November 6, 2017. On November 6, 2017, the court held a hearing allowing all sides an opportunity to be heard on the controversies at hand. ECF No. 108. In order to provide some context to the discovery disputes, however, a brief summary of the court's management of the case must first be discussed.

## II.    The Deadlines Set by the Court

On April 15, 2016, the court entered a case management order. ECF No. 51. Among its directives, the case management order provided the following: "Any motion seeking an extension must be filed well in advance of the deadline. It shall also contain the specific reasons why the court should extend the discovery deadline, as well as a proposed discovery end date. The parties will not be allowed to extend the discovery on their own by agreeing to do so among themselves. A stay of proceedings requires a court order. In the absence of a court order, discovery shall continue even if there is a dispositive motion pending." <u>Id</u>. at 8, ¶3. On May 3, 2016, the following reminder was given to the parties: "All the deadlines, directives, and proceedings set in the scheduling / case management order (ECF No. 51) … remain binding on the parties." ECF No. 56. Eventually, however, various deadlines and proceedings were modified by the court at an initial scheduling conference ("ISC") held on September 16, 2016. ECF No. 73. The ISC, however, did not alter the court's directives requiring motions for extension of time to be filed well in advance of the deadline nor the fact that the parties were not allowed to extend the discovery deadlines on their own by agreement.

Of importance to the issues at bar, at the ISC the court set December 14, 2016 as the deadline to answer written discovery requests such as interrogatories, requests for production of documents, and requests for admissions; May 31, 2017, as the deadline to conclude all the

depositions of the fact witnesses; and June 23, 2017, as the date when the discovery phase of the case would be closed. Id. at 2. In addition, at the ISC the parties were put on notice that they could not amend the deadlines set at said conference on their own without prior leave from the court. Id.

### III. The Discovery Disputes

On October 28, 2016, counsel Luis Enrique Romero Nieves, who represents Rodríguez Calvo, and counsel Sergio Criado, who represents R&B, notified counsel Ovidio E. Zayas Pérez, who represents plaintiff in this case, of Rodríguez Calvo's and R&B's first sets of interrogatories and requests for production of documents. Ex. AB, AB-1, A-1, A-2, A-3, A-4.[1] Therefore, pursuant to the deadlines set at the ISC, these discovery requests were timely notifed and answers to the same were due by December 14, 2016.

On January 23, 2017, counsel Criado sent by e-mail a letter from him and counsel Romero reminding counsel Zayas that neither R&B nor Rodríguez Calvo had received plaintiff's answers to the interrogatories and requests for production of documents that they had served.[2] Ex. AG, AG-1, Ex. B-1, B-2, B-3. Said letter provides in its pertinent part: "[A]s a gesture of good faith, Co-Defendants are willing to grant Plaintiff a final term of ten (10) days – to expire on February 2, 2017 – to tender the outstanding answers to the interrogatories and document production requests. Should Plaintiff's answers not be received within this final 10-day term, then Co-Defendants will have to seek the Court's intervention." Ex. AG-1; B-2.

Plaintiff, however, did not avail himself of defendants' goodwill. Hence, on February 3, 2017, R&B and Rodríguez Calvo filed a joint motion to compel plaintiff to produce his answers

---

[1] All exhibits, unless indicated otherwise, refer to the exhibits admitted at the November 6, 2017 hearing. ECF Nos. 109, 110.

[2] The letter erroneously states that plaintiff had been served with the interrogatories and requests for production of documents on October 10, 2016. Service was actually done on October 28, 2016. The letter is also erroneously dated January 23, 2016. The e-mail with the letter attached was sent on January 23, 2017. See AG.

to the interrogatories and requests for production of documents. ECF No. 74. On March 13, 2017, that is almost a month after any response to the motion to compel was due, plaintiff's counsel filed a motion explaining the following: "The situation that prompted plaintiff's delay was that the file with the relevant documents was misplaced compounded by the fact that plaintiff moved to El Paso, Texas, making it difficult to communicate with him, considering there was a three (3) hours difference, and that during his working hours, he could not do so. Plaintiff will produce the answers to the interrogatories, etc. no later than April 14, 2017." ECF No. 75. Despite plaintiff's unpersuasive opposition to the motion to compel and the fact that the answers to the interrogatories were overdue since December 14, 2016, on March 15, 2017 the court ordered plaintiff to answer the discovery requests within five days. ECF No. 78. Plaintiff was put on notice that failure to comply with the order could result in the imposition of sanctions.

On April 3, 2017, counsel Criado sent a letter by e-mail to counsel Zayas, reminding him that the court had granted him until March 20, 2017, to answer the interrogatories and produce the documents requested and yet, neither defendant had received the discovery. Counsel Criado also informed that he and counsel Romero were available to hold a teleconference with counsel Zayas on April 4 and 6, 2017. Ex. C-1, C-2, C-3.

On April 7, 2017, counsel Criado gave counsel Zayas notice of a deposition *duces tecum*, advising that plaintiff's deposition would be taken on May 4, 2017, at 10:00 a.m. at Correa, Acevedo & Abesada Law Offices, P.S.C. Ex. H-1, H-2, H-3. The documents requested for purposes of the deposition would have to be produced by May 1, 2017. Id. On April 10, 2017, however, counsel Zayas informed that he would not be able to attend the deposition because he had "a hearing at the Río Grande State Court." Ex. I.

The next day, counsel Criado again reminded counsel Zayas of the overdue discovery requests. Ex. D-1, D-2, D-3 (see also J-1, J-2). It appears that the suggested teleconference did not take place on April 4 and 6, 2017, as in his April 11, 2017 letter, counsel Criado acknowledges that counsel Zayas's assistant called twice on April 7, 2017, offers April 12 and 13, 2017 as viable dates for a teleconference, and addresses the matter of plaintiff's deposition:

> [Y]esterday you advised your unavailability to attend your client's deposition noticed for May 4th, 2017 due to some unspecified hearing at the Río Grande State Court. You further requested several dates during May and June to adequately schedule your Client's deposition, as you have hearings almost every morning in the State and/or Federal Court. First of all, plaintiff's deposition was properly and adequately noticed pursuant to Fed.R.Civ.P. 30(1)(b)(1)'s provisions. Second of all, given that you have hearings almost every morning, then please be so kind to provide your availability (including hours) for the month of May, 2017 so that your scheduling needs may be better accommodated. As time of the essence, please submit the requested availability on or before April 13, 2017.

Ex. D-2.

On May 3, 2017, counsel Zayas finally e-mailed to counsel Criado the answers to the interrogatories, documents requested, and objections to a substantial number of R&B's discovery requests. Ex. E-1, E-2, E-3. As to the deposition, counsel Zayas replied that "you never adequately coordinated beforehand with me this deposition", informed that his client had recently started a new job at El Paso, Texas, and suggested the holding of deposition by telephone. E-1. On that same day, counsel Criado replied, informing, among other matters, that he would object to plaintiff's unresponsive answers, reiterating that the deposition had been properly notified, and asking once again for counsel Zayas to inform his availability for the remainder of May, 2017, for purposes of the deposition. Ex. F-1, F-2.

Rodríguez Calvo, however, did not receive plaintiff's answers to the interrogatories and documents requested back on October 28, 2016. Therefore, on May 3, 2017, counsel Romero sent counsel Zayas a letter asking that the interrogatories and requests for documents be produced

within twenty-four hours. Ex. AC, AC-1. In response to counsel Romero's May 3, 2017 communication, counsel Zayas replied by email: "I really don't understand your request and my question is, does my client has to answer your discovery request when he is no longer a party in the case?" Ex. AD. The fact is, however, that as of today Rodríguez Calvo is still a party in this case. ECF No. 81 (Opinion and Order entered on March 31, 2017 dismissing claims against Rodríguez Calvo under Age Discrimination in Employment Act, 29 U.S.C. §§621 et seq., and the Puerto Rico Whistleblower Act, 29 L.P.R.A. §194a (commonly referred to as Law 115), but keeping outstanding plaintiff's claim under Puerto Rico Law 100 of 1959 codified in 29 L.P.R.A. §146a against said defendant).

Counsel Romero promptly replied with yet another letter dated May 4, 2017 addressed to counsel Zayas, calling his attention to the Opinion and Order issued by the court (ECF No. 81) and demanding answers to Rodríguez Calvo's discovery requests by close of business that day. Ex. AD-1. In this letter, counsel Romero reminds counsel Zayas that because the deadline to conduct fact witness depositions is May 31, 2017, they need to receive from plaintiff at least three alternate dates for his deposition. Id.

On May 5, 2017, counsel Zayas sent an email to counsel Romero acknowledging that he was "under the impression that the Court had dismissed the case entirely in favor of your client." Ex. AE. Rather than submitting plaintiff's answers and/or objections to the interrogatories and requests for production of documents that had been notified on October 28, 2016, counsel Zayas made the following request: "I ask you that you revise your interrogatories so that it contains exclusively matters relevant to his pending cause of action of Law 100. I do not want to waste time objecting due to lack of relevance and no probability of finding other relevant and admissible material." Id.

On May 9, 2017, plaintiff filed a motion, in response to a defense motion requesting a hearing, asserting that defendant "Rodríguez Calvo is so desperate, that he through his counsel has made statements to this Court that can only be described as blatantly false" and that "[n]ow, engaging in a trial by ambush tactics, he lies to the Court stating that he did make an attempt to 'meet and confer', but fails to provide any written communication proving so." Ex. K, ECF No. 90. In this motion, plaintiff also requests an extension until June 30, 2017 for the discovery phase of the case to conclude. Id. at 5.

Despite the fact that written discovery had not been produced yet to Rodríguez Calvo, counsel Romero – aware of the May 31, 2017 deadline to conclude depositions and aware of the fact that plaintiff had moved to Texas – followed up on the matter with counsel Zayas by means of a letter sent by email on May 19, 2017:

> You have mentioned that your client is available for the taking of his deposition only on Saturdays and via teleconference due to his job obligations. Consequently, both Co-Defendants want to take **Plaintiff's deposition on Saturday, May 27th, 2017 at 10:00 am (GMT-4 / Local time), 9:00 am (GMT-5) / Texas Time).**
>
> Said deposition will be taken using *Skype* application and/or software. Please confirm your client's availability for the proposed date and time and also confirm that your client has access to the referred service and/or utility in his mobile or in any other alternate hardware or electronic device. Plaintiff's deposition will be recorded by an authorized Court Reporter.

Ex. AE, AE-1 (emphasis in original) (see also L-1, L-2; N-2; ECF No. 92-1). Counsel Zayas replied by email on that very same day indicating that he was available, but that he needed to confirm with his client, the plaintiff, if he was available to be deposed on May 27, 2017. Ex. AF; M.

In the meantime, also on May 19, 2017, R&B notified its objections to plaintiff's responses to the October 28, 2016 written discovery requests. Ex. G-1; G-2; O-1; ECF No. 93-1. On that very same day, plaintiff filed a motion asserting that R&B's motion to compel had become moot

because plaintiff had "produced all of the documents he has in his possession in that are relevant to the complaint and that are not privileged." Ex. N-1; ECF No. 92. Said motion adds that plaintiff's deposition "has been tentatively set for May 27, 2017 with an alternate date of June 3, 2017. Defendant R&B Power, Inc. has earlier today made a proposal for the taking of plaintiff's deposition on May 27, 2017. The undersigned has made a tentative confirmation subject to coordination with Mr. Prado later today, since at this hour, he is unavailable because he is working." Id.

Evidently, however, plaintiff did not make himself available to be deposed on May 27, 2017. Instead, on July 13, 2017, despite the court's deadline for all fact witness depositions to conclude by May 31, 2017 and the deadline to conclude all discovery by June 23, 2017, counsel Zayas informed defense attorneys of record for Rodríguez Calvo and R&B that plaintiff was available to be deposed on August 3, 14, or 18, 2017. Ex. 1; R. Counsel Zayas also demanded that the deposition had to be taken by telephone. Id.

On July 19, 2017, counsel Criado responded to counsel Zayas' email indicating that the deadline to conclude all fact witness depositions was May 31, 2017 and that no depositions could be taken now that said deadline had expired and that the discovery phase of the case had closed. Ex. 2; S. Counsel Zayas promptly replied that same day to counsel Criado's email, addressing both counsel Criado and counsel Romero. Ex. 3; T. Among other matters, counsel Zayas' reply states that "there is no such thing as a 'prohibition' for the taking of depositions after the deadline if the parties agree to it", that plaintiff's counsel had no objections to the taking of plaintiff's deposition after the discovery deadline, and that "we can also file a joint motion asking for leave to open discovery limited to depositions in forty five days." Id. The next day, counsel Criado replied:

"Your proposition is not in-line with Fed.R.Civ.P. 29(b)'s precepts, so it cannot be acquiesced." Ex. 4; U.

As of November 6, 2017, plaintiff had not answered Rodríguez Calvo's interrogatories and requests for production of documents. Also as of November 6, 2017, plaintiff's deposition had not taken place.

## IV.    Legal Analysis

### 1.    Untimeliness and Disregard for Deadlines

The complaint in this case was filed on June 11, 2015. ECF No. 1. From the outset plaintiff has shown little, if any, interest in complying with the court's deadlines and the local rules of the court. The deadline for plaintiff to supplement his initial Fed.R.Civ.P. 26 disclosures was September 30, 2016. ECF No. 73. Yet, on October 6, 2016, R&B's counsel had to remind plaintiff of the overdue supplement to his initial disclosures. Ex. V-1, V-2. Plaintiff's counsel agreed to provide them by October 7, 2016. Ex. Z.

On August 6, 2015, defendants filed a motion to dismiss. ECF No. 13. In what has become a pattern in this case, plaintiff failed to file a response in a timely manner.[3] It was not until September 28, 2015 that plaintiff finally filed a partial response and a request for an additional time to respond. ECF No. 21. Additional responses in opposition to the motion to dismiss were filed on October 1, 2015, and December 21, 2015. ECF Nos. 23, 45.

On August 11, 2016, defendants filed a motion for judgment on the pleadings. ECF No. 65. Once again, plaintiff was late in filing a response to this motion. After a month had elapsed,

---

[3] "Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." Local Rule 7(b).

that is on September 12, 2016, plaintiff finally filed a response to the motion for judgment on the pleadings. ECF No. 71.

On February 3, 2017, defendants filed a motion to compel answers to interrogatories. ECF No. 74. Although a response was due by February 17, 2017, plaintiff waited until March 13, 2017, to file a response to defendants' motion. ECF No. 75.

On March 15, 2017, defendants filed a motion to dismiss. ECF No. 77. Although a response to this motion was due on March 29, 2017, plaintiff waited until April 8, 2017, to file a memorandum in opposition to the motion. ECF No. 82.

On March 23, 2017, defendants filed a motion requesting the imposition of sanctions. ECF No. 80. A response to this motion was due on April 6, 2017. Plaintiff, however, chose to file his response on April 28, 2017. ECF No. 85.

On July 20, 2017, defendants filed a motion to deem a motion to dismiss for lack of prosecution as unopposed. ECF No. 95. Any opposition to this motion had to be filed by August 3, 2017. To this day, plaintiff has not filed any written response to this motion.

On October 16, 2017, defendants filed a motion in limine requesting once again the dismissal of the case. ECF No. 96. The response to this motion was due on October 30, 2017. Plaintiff has not filed any response to the same.

Plaintiff's tardiness is not circumscribed to the production of initial disclosures and the filing of responses to defendants' motions. Plaintiff has blatantly failed to comply with the court's discovery deadlines. As of the date that the hearing was held on November 6, 2017, plaintiff had not even answered the interrogatories and requests for production of documents served to him by co-defendant Rodríguez Calvo on October 28, 2016.

The deadline to conclude fact witness depositions was May 31, 2017. Plaintiff did not make himself available to be deposed on or before said date. Defendants attempted twice to depose him during the month of May, 2017, first on May 4, then on May 27. As to the first date in May plaintiff's counsel claimed that the date of the deposition had not been consulted with him. As to the latter, he claimed that he needed to confirm with his client. After not making himself available to be deposed within the deadlines set by the court, plaintiff suggested dates beyond the court's deadline, including at least two days in August after the dispositive motion deadline of August 4, 2017.

Plaintiff gives a myriad of untenable excuses for his lack of compliance with the court's deadlines. He claims that the fact that he has relocated to Texas has complicated the communication process with his lawyer. Plaintiff, however, forgets that he chose to sue in Puerto Rico and in this forum. The fact that he moves to another jurisdiction within the United States of America does not give him a license to procrastinate in the prosecution of his claim. It is plaintiff's responsibility to maintain good communication with his lawyer regardless of whether he ceases to reside in Puerto Rico.

Plaintiff also claims that his lawyer always replied to defense attorney's communications. Although plaintiff's counsel sometimes did respond promptly to defense counsel's e-mails or calls, that was not always the case. For instance, on January 23, 2016, counsel Criado sent a letter from him and counsel Romero reminding counsel Zayas that neither R&B nor Rodríguez Calvo had received plaintiff's answers to the interrogatories and requests for production of documents that they had served. Ex. AG, AG-1, Ex. B-1, B-2, B-3. Among other matters, this letter asked counsel Zayas to provide said answers by February 2, 2017. Yet, plaintiff's counsel remained silent, prompting defense counsel to file on February 3, 2017 a motion to compel plaintiff to produce his

answers to the interrogatories and the requests for production of documents. ECF No. 74. Moreover, although effective communication between the lawyers can certainly reduce unnecessary disputes and foster a more efficient discovery process, ultimately the issue boils down to not simply answering phone calls, letters or email, but on producing the discovery in a timely manner.

As to his deposition, plaintiff raises at least three arguments, none of which have merit. Counsel Zayas argues that "there is no such thing as a 'prohibition' for the taking of depositions after the deadline if the parties agree to it". Ex. 3; T. This assertion is incorrect. At the ISC, the court clearly warned, as reflected in the minutes, that "[t]he parties shall not amend these deadlines without prior leave from the court." ECF No. 73 at 2.

In an attempt to conduct a late deposition of the plaintiff, counsel Zayas also communicated on July 19, 2017 to defense counsel that he had no objections to the taking of plaintiff's deposition after the discovery deadline and that "we can also file a joint motion asking for leave to open discovery limited to depositions in forty five days." Ex. 3; T. The problem, however, lies in that this suggestion was made almost a month after the the discovery phase of the case had concluded on June 23, 2017 and more than a month after the deadline to conclude fact witness depositions had expired. ECF No. 73. As previously mentioned, the case management order put the attorneys of record on notice: "Any motion seeking an extension must be filed well in advance of the deadline. It shall also contain the specific reasons why the court should extend the discovery deadline, as well as a proposed discovery end date. The parties will not be allowed to extend the discovery on their own by agreeing to do so among themselves." ECF No. 51 at 8, ¶3. On May 3, 2016, the following reminder was given to the parties: "All the deadlines, directives, and proceedings set in the scheduling / case management order (ECF No. 51) … remain binding on

the parties." ECF No. 56. Although eventually some deadlines were modified at the initial scheduling conference and afterwards, the directive to file motions for extension of time well in advance of the deadline was never altered. ECF Nos. 73, 78.

Counsel Zayas also demanded that plaintiff's deposition had to be taken by telephone. Ex. 1; R. Although originally defense counsel served notice to depose the plaintiff in person on May 4, 2017, they eventually agreed to the taking of the deposition by videoconference using Skype on May 27, 2017, taking into account that the plaintiff was residing in Texas. Yet, as late as July 13, 2017, plaintiff's counsel did not move an inch from his original position: "The deposition has to be taken by telephone. Mr. Prado does not have a video conference service available to him." Ex. 1; R. Federal Rule of Civil Procedure 30(b)(4) provides: "The parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." The parties, however, have not been able to reach a stipulation to have a deposition by telephone and the court has not ordered defendants to take the plaintiff's deposition by telephone either.

At the hearing on November 6, 2017, defense counsel explained several reasons as to why they insisted on a deposition with video and not just audio. They wanted to be able to observe the deponent's demeanor when answering the questions. Defense counsel also wanted to make sure that plaintiff was not simply reading a script when answering questions posed during the deposition. Plaintiff's argument that he does not have a video conference service available to him is a weak excuse. If the defendant does not have access to a computer and the Skype application, arrangements can be made to retain the services of somebody that can provide such videoconference equipment, regardless of whether it uses Skype or some other form of videoconference software. The service most likely will not be free, but it would certainly be less expensive than having to travel from Texas to Puerto Rico for a deposition.

In the end, plaintiff has failed to provide persuasive reasons as to why he was late in supplementing his initial disclosures, why he filed so many responses to defendants' motion beyond the alloted time given by the local rules of this court, why to this day Rodríguez Calvo's interrogatories and requests for production of documents have not been answered, why plaintiff's deposition could not have been taken prior to the May 31, 2017 deadline, and why he has left unanswered more than one motion seeking dismissal of the case.

2. <u>Plaintiff's Objections to R&B's Written Discovery Requests</u>

On May 3, 2017, counsel Zayas finally e-mailed to counsel Criado the answers to the interrogatories, documents requested, and objections to a substantial number of R&B's discovery requests. Ex. E-1, E-2, E-3. The deadline that had been set at the ISC for plaintiff to answer these interrogatories and request for documents was December 14, 2016. ECF No. 73. On March 15, 2017, the court ordered plaintiff to answer them by March 20, 2017. ECF No. 78. Therefore, in "answering" R&B's interrogatories and request for documents on May 3, 2017, plaintiff disregarded two explicit orders from the court. In the order entered on March 15, 2017, the court warned plaintiff that failure to comply with the order could result in the imposition of sanctions. <u>Id</u>. This warning did not stir any sense of urgency on plaintiff.

Some of plaintiff's objections to R&B's discovery requests have merit. For instance, R&B requests plaintiff's job performance evaluations for the last ten years. Ex. A-3, ¶39. Yet, according to the complaint, plaintiff was hired by R&B on February 14, 2012. ECF No. 1, ¶1. Therefore, although asking for past job performance evaluations is relevant, a request for a full decade of job performance evaluations is unnecessary. This request should have been narrowed to evaluations from the date he was hired by R&B until the date that plaintiff was allegedly terminated.

Other overbroad requests relate to R&B's request for plaintiff to produce "[a]ll documents filed with and/or received from the Social Security Administration for the last (10) years." Ex. A-3, ¶6. R&B could have limited this request to the production of any documents related to any determination of disability made by the Social Security Administration, as well as to any payments received by plaintiff as part of disability benefits and/or related to retirement. A similar reasoning applies to R&B's request for "[a]ll documents that plaintiff has filed with and/or received from any Federal and State Administrative Agency for the last ten (10) years, including unemployment and State assistance." Ex. A-3, ¶5. This request is unnecessarily broad and burdensome. R&B could have easily tailored this request to be limited in scope to any unemployment benefits that plaintiff has received since his employment was terminated at R&B.

Other requests for documents are repetitive. For example, the request for production of documents has many items that basically track over almost every allegation of the complaint. Ex. A-3 (e.g., ¶¶ 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36). Yet, in an unnecessarily redundant fashion, R&B also requests "any and all documents which relate to or sustain each allegations set forth in the complaint." Ex. E-3, ¶51.

Other requests have become moot, like R&B's request for documents provided to expert witnesses. Ex. A-3, ¶52. Plaintiff's counsel informed at the hearing held on November 6, 2017 that plaintiff will not use expert witnesses at trial.

The "answers" given by plaintiff on May 3, 2017 to R&B's discovery requests, however, also contain a substantial number of objections without any sound basis in law. A few examples will suffice. Interrogatory 1.5 asked to list plaintiff's medical conditions and/or illnesses, including psychiatric and psychological ones during the last ten years. Ex. A-2. Plaintiff's response: "Objection: This is privileged information that is protected by different statutes, including the

doctor-patient privilege, HIPAA and the Puerto Rico mental health law. Not relevant, violates the right to privacy and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff incorporates its general objections to this answer." Ex. E-2 at 6. R&B's demand for production of documents request copies of all of plaintiff's medical records, including psychiatric records, for the last ten (10) years. Ex. A-3, ¶¶41-43. Plaintiff's response: "Objection: Not relevant, will not produce relevant and admissible evidence, Patient-Doctor privilege and HIPAA." Ex. E-3 at 9. As to the psychiatric records, plaintiff's response was the same, but added the "Mental Health Law of Puerto Rico" as an additional basis for his objection. Id. at 10.

The complaint in this case clearly seeks compensatory damages. At the hearing held on November 6, 2017, counsel Zayas acknowledged that the mental health information requested was relevant. (Hrg. 11/6/17 at 4:48 pm – 4:49 pm). Therefore, his objections as to that particular set of information and documents had no justification. Also at said hearing, counsel Zayas first said that he could supplement plaintiff's answers (months after the discovery phase of the case has concluded), but that he needed to confirm with his client whether in fact he had been diagnosed with any psychological or psychiatric condition within the past ten years. (Hrg. 11/6/17 at 4:48 pm – 4:49 pm). Counsel Zayas explained that his understanding was that his client had not been through any psychiatric treatment, but did not clarify why then plaintiff did not certify under penalty of perjuy in his answers to the interrogatories and request for production of documents that he had not received treatment or been diagnosed with any mental health condition in the past ten years. (Hrg. 11/6/17 at 4:49 pm - 4:52 pm). The only explanation given by counsel Zayas was that he has a "communication issue" with his client since he left Puerto Rico. Id. Since counsel Zayas indicated at the hearing that plaintiff had left Puerto Rico around the holiday season last December, that is almost a full year of "communication issues."

With respect to other physical conditions regarding the defendant's health, plaintiff's objections cannot be sustained. If plaintiff is requesting compensatory damages in the complaint and part of those damages are for pain allegedly suffered as a result of defendants' discriminatory acts, defendants are entitled to find out whether the plaintiff, during the relevant period of time, has suffered from any illnesses that could have been responsible, in whole or in part, for his pain and suffering. Although as to both mental and physical health records reasonable minds could differ as to whether ten years worth of records is too onerous, the fact is that plaintiff has not produced even five years.

R&B's interrogatories 1.6 and 1.7 ask for plaintiff to divulge whether in the past ten years a government agency, a physician, or a licensed psychologist has determined that he is disabled, under leave and /or unable to work. Ex. A-2 at 7. Plaintiff's responses raise essentially similar objections to the ones discussed above. Ex. E-2 at 9. Although at the hearing held on November 6, 2017, counsel Zayas seemed to imply that his client could not have been disabled because otherwise he would have been unable to work for the defendants, he could not articulate any good reason as to why plaintiff could not answer the interrogatories by simply asserting the he had never been determined to be disabled by an agency, a physician, or a psychologist. In the alternative, if plaintiff has been determined to be disabled, counsel Zayas was also unable to explain why in almost a year plaintiff has been unable to, at a minimum, identify the name of the agency, physician or psychologist that made that determination. The complaint in this case is asking, among other forms of relief, for reinstatement, or in the alternative, front pay. ECF No. 1 at 10. Therefore, information as to whether plaintiff is or has been determined to be disabled is relevant. Although ordinarily information or documents related to a person's health or disabling conditions would be regarded as confidential, once plaintiff chooses to file a lawsuit where his health and disability

status are relevant, a request for such information or documents cannot be objected to on the basis of privilege or confidentiality. If anything, plaintiff could have asked defendants to limit the use of those documents only for purposes of the instant litigation.

Some of plaintiff's objections to other documents requested by R&B also lack merit. For example, R&B requested all correspondence (on print or digital) between plaintiff and R&B (items 1 and 2); all R&B's documents that are in plaintiff's possession (item 7); and all documents that plaintiff has filed and/or received from the Equal Employment Opportunity Commission for the last (10) years, including EEOC Charge Number 515-2014-00423 (item 4, which, as clarified at the November 6, 2017 hearing, is the case filed by plaintiff against the defendants at the EEOC). Ex. A-3. The main objection presented by plaintiff, either in writing or at the hearing held on November 6, 2017, to these requests (and others, such as items 21, 23, 24, 25, 26, 39) is that R&B was asking for documents that they already had in their possession. Ex. E-3. This is not an adequate response. See M.S. v. Woodland Hills School District, 2011 WL 294518, 2 (W.D. Penn. 2011) (unreported). Defendants could have several reasons to request these documents, one of which could be to verify whether their own records are complete and another to determine whether all the documents that plaintiff intends to use in support of his claims are authentic.

Moreover, to a significant number of documents requested, plaintiff's response was the following: "Pursuant to Rule 34(b)(2)(B), inspection will be permitted as requested upon a mutually agreeable date and hour." Ex. A-3 (e.g., ¶¶ 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 51). Plaintiff's counsel acknowledged at the hearing held on November 6, 2017, however, that that inspection has not taken place yet. R&B's counsel attempted to inspect these documents on May 1, 2017 at 2:00 pm, as part of his efforts to prepare for plaintiff's deposition, but such meeting never took place. Ex.

H-2. Although the discovery phase of the case concluded on June 23, 2017, no efforts have been made by plaintiff's counsel since May 1, 2017, to make those documents available for inspection.

3. Sanctions

"Under Rule 37, the district court maintains a variety of tools at its disposal to sanction a party who violates discovery orders, from staying proceedings to entering default judgment against the disobedient party. Fed.R.Civ.P. 37(b)(2)(A). District courts may impose such sanctions with an eye both to penalize the particular noncompliance and to deter others from engaging in the same tactics." Angiodynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015).

> District courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established. E.g., Benítez-García v. González-Vega, 468 F.3d 1, 4 (1st Cir. 2006); see also Fed.R.Civ.P. 37(b)(2)(A)(v). Although dismissal of a case may at times be a harsh sanction, we have routinely recognized that it is an essential tool for district courts' effective exercise of their "right to establish orderly processes and manage their own affairs." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).

Vallejo v. Santini-Padilla, 607 F.3d 1, 7-8 (1st Cir. 2010)

Substantive factors to be considered when determining an appropriate sanction are "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996). Procedural considerations, on the other hand, entail "whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty." Malloy v. WM Specialty Mortgage, 512 F.3d 23, 26 (1st Cir. 2008) (per curiam).

Plaintiff's litigation tactics throughout this case leave much to be desired. From the inception of the case problems arose, such as with plaintiff's late submission to supplement his initial disclosures. The problems carried on to the written discovery phase. The defendants timely

notified him with written discovery requests on October 28, 2016. Yet, he failed to comply with the December 14, 2016 deadline set by the court. He also missed multiple extensions given to him by the defendants, despite the court's clear warning that the parties could not amend the discovery deadlines set at the ISC without prior leave from the court. Plaintiff also did not comply with the court's order compelling him to produce his answers to the written discovery requests by March 20, 2017, and warning him about the possible imposition of sanctions. To this day, he has not answered co-defendant Rodríguez Calvo's written discovery requests. R&B's written discovery requests were "answered" on May 3, 2017. Yet, these answers contain a significant number of objections that lack merit; moreover, many documents have never been made available for inspection despite R&B's request to inspect them on May 1, 2017. To this day, plaintiff has not been deposed. Defendants tried to depose him at least twice in May, 2017, yet plaintiff was not available, and ended up suggesting deposition dates as late as August, 2017, way beyond the deadline to conclude discovery in this case.

On multiple occasions plaintiff has not filed responses to defendants' motions in a timely manner. Even worse, defendants' joint motion to deem their motion to dismiss for lack of prosecution as unopposed (filed on July 20, 2017, ECF No. 95) and joint motion in limine requesting the dismissal of the case and/or to preclude plaintiff's testimony (filed on October 16, 2017, ECF No. 96), though arguably implicitly opposed by plaintiff's counsel at the hearing held on November 6, 2017, have not had any written response in opposition to this day.

On October 26, 2017, the court ordered plaintiff to "come ready to show cause [the following day] as to why sanctions, including but not limited to dismissal with prejudice of the case for lack of diligent prosecution, should not be imposed for failure to comply with the court's directives and/or deadlines." ECF No. 106. At the conference held the following day, plaintiff was

not ready to show cause. ECF No. 107. The court gave him one last chance, this time at a hearing that was held on November 6, 2017, and when no satisfactory answers were obtained, the most plaintiff's counsel could say was that he has an ongoing communication problem with his client (presumably the same that he has had since at least March 13, 2017, <u>see</u> ECF No. 75) and that he still needs to confirm with his client certain discovery requests.

Plaintiff's conduct shows a blatant disregard for the court's orders and a lack of willingness to prosecute his case. "The authority of a court to dismiss … for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962); <u>see also</u> <u>Zavala Santiago v. González Rivera</u>, 553 F.2d 710, 712 (1st Cir. 1977) ("A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion and the possibility of harassment of a defendant."); <u>Jardines Ltd. Partnership v. Executive Homesearch Realty Serv., Inc.</u>, 178 F.R.D. 365, 367 (D.P.R. 1998).

In light of the matters previously discussed, sanctions will be imposed, both for want of prosecution and for lack of compliance with the court's orders. Taking into account that plaintiff has not even answered Rodríguez Calvo's written discovery requests, Rodríguez Calvo's request for dismissal of the claims against him is GRANTED. All remaining claims in the complaint against Eduardo J. Rodríguez Calvo are hereby DISMISSED WITH PREJUDICE. The "conduct here was severe, repeated, and deliberate, with no legitimate or mitigating explanation for noncompliance." <u>Angiodynamics, Inc. v. Biolitec AG</u>, 780 F.3d 429, 435 (1st Cir. 2015).

R&B's request for sanctions and dismissal of the case is GRANTED IN PART AND DENIED IN PART. The court hereby imposes the following sanctions: Plaintiff shall be precluded from seeking compensatory damages for pain and suffering and will not be allowed to testify at trial as to any pain and suffering that allegedly resulted from R&B's actions. Among other matters discussed above, his untenable objections to produce his medical records or health information, and his delay in making himself available to be deposed support this sanction. Furthermore, plaintiff will not be allowed to conduct any additional discovery in this case.

On or before **November 29, 2017**, R&B will serve notice once again to plaintiff of its interrogatories and requests for production of documents, removing those questions or requests that pertain to damages that relate to pain and suffering, and amending the same to make them more narrowly tailored taking into account the court's rulings on those interrogatories and/or requests for production of documents that are overbroad, redundant, moot, or unreasonably burdensome. On or before **December 29, 2017**, plaintiff shall fully answer R&B's interrogatories. Furthermore, on or before **December 29, 2017**, plaintiff's counsel shall make the necessary arrangements to deliver to R&B counsel's office the documents requested. Simply making the documents available for inspection will not be acceptable.

Plaintiff shall make himself available to be deposed at some point during **January 8-12, 2018**. A deposition by telephone only will not be acceptable. Either plaintiff makes himself available to be deposed by videoconference or he will have to travel to Puerto Rico to be deposed at Correa Acevedo & Abesada Law Office. Plaintiff will have to bear the expenses of the deposition, including reporter fees, interpreter (if necessary) and production of the transcript. Plaintiff, however, will not have to pay for attorney's fees incurred during the taking of the deposition.

The deadline to file motions for summary judgment is set for **February 13, 2018**. The joint proposed pretrial order pursuant to Local Rule 16(d) shall be filed by **May 4, 2018.** Proposed voir dire, jury instructions, and verdict form shall be filed by **May 25, 2018.** The pretrial and settlement conference is set for **June 4, 2018 at 10:00 am.** The exhibits and the exhibit lists (with ceritifed translations, if applicable) are due at the pretrial and settlement conference. The jury trial is set for **June 25, 2018 at 9:00 am.**

No extensions will be granted to the deadlines that have been set. Counsel of record for plaintiff Prado Hernández and R&B are put both on notice that if future discovery disputes arise in this case and the court determines that one or both of the remaining parties are acting unreasonably or without justification, the court will not hesitate to impose severe sanctions, including but not limited to monetary sanctions on the attorneys or the parties, exclusion of evidence at trial, and/or dismissal of the case with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of November, 2017.

s/Marcos E. López
U.S. Magistrate Judge
